# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUCIANO DON, | § | |
| Plaintiff, | § § § | CIVIL ACTION NO. |
| v. | § § | 5:20-cv-1294 |
| THE BOEING COMPANY, | § § § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Boeing Company ("Boeing") hereby files this Notice of Removal, removing the case styled *Luciano Don v. The Boeing Company*, Cause No. 2020CI19372, from the 73rd Judicial District Court of Bexar County, Texas pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.

The grounds for the removal of this action are as follows:

### I. PROCEDURAL HISTORY - STATE COURT ACTION

1. On October 6, 2020 Plaintiff Luciano Don ("Don") filed his Original Petition, Jury Demand and Request for Disclosure (the "Original Petition") in Texas state court against Boeing asserting causes of action for violations of 42 U.S.C. 1981 and Defamation.

2. Boeing has not yet been served with the Original Petition. This removal is, thus, timely filed. *See* 28 U.S.C. § 1446(b).

3. On October 30, 2020, Boeing filed its Original Answer to Plaintiff's Original Petition.

4. No further proceedings in this matter have been held in the Texas state court.

5. True and correct copies of all pleadings filed in the state court action are attached hereto as **Exhibit 1**.

**DEFENDANT'S NOTICE OF REMOVAL**  Page 1
92315646.1

## II. FEDERAL QUESTION JURISDICTION

6. This action is removable under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

7. Plaintiff alleges claims arising under federal law, including, specifically, 42 U.S.C. § 1981. This action is, therefore, removable. *See Varela v. Morton/Sw. Co.*, 681 F. Supp. 398, 400 (W.D. Tex. 1988) (holding that terminated employee's Section 1981 claims were properly removable to federal court under federal question jurisdiction).

8. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over all of Don's state law causes of action arising under Texas law because his other claims are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy. These claims include Plaintiff's defamation claims.

## III. DIVERSITY OF CITIZENSHIP

9. This action is also removable under 28 U.S.C. § 1441(a) and (b) because the Court has original jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000.

**A.** <u>**Complete Diversity Exists**</u>

10. Don alleges that he is a Texas citizen and resides in Bexar County, Texas. *See* Original Petition, ¶ 1.

11. Boeing is Delaware corporation with its principal place of business in Chicago, Illinois. Boeing is thus a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1).

12. Because the parties are citizens of different states, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

### B. The Amount in Controversy Exceeds $75,000

13. A removing defendant must show that Section 1332's jurisdictional threshold of $75,000 is satisfied by either (1) demonstrating that it is facially apparent from the complaint that the claims likely exceed $75,000 or (2) setting forth facts in the notice of removal that support a finding of the requisite amounts under a preponderance of the evidence standard. *See Mumfrey v. CVS Pharm.*, 719 F.3d 392, 398 n.8 (5th Cir. 2013).

14. Here, it is facially apparent from Plaintiff's Original Petition that his claims exceed $75,000. Plaintiff alleges that he "seeks monetary relief over $200,000 but not more than $1,000,000, including costs, expenses, pre- and post-judgment interests, and attorney's fees." *See* Original Petition, ¶ 12. To be clear, Boeing does not concede that any damages or other monetary remedies are warranted or that, if any monetary remedies were appropriate, the amounts reflected above would be appropriate. But, the requirement for an amount in controversy exceeding $75,000 for diversity removal is satisfied on the face of the pleadings, regardless.

### IV. PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURES

15. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as it is in the district and division embracing the place where the state action is pending.

16. Boeing will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Boeing will also promptly file a copy of this Notice of Removal with the clerk of the 73rd Judicial District Court of Bexar County, Texas where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

17. True and correct copies of all process, pleadings, and orders served upon Boeing in the state court action are being filed with tis notice as required by 28 U.S.C. § 1446.

18. By filing this Notice of Removal, Boeing does not waive the right either to answer the Original Petition and/or assert any claims, defense, or other motions, including, but not limited to, Rule 12 motions permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Boeing removes the case styled *Luciano Don v. The Boeing Company*, Cause No. 2020CI19372 from the 73rd Judicial District Court of Bexar County, Texas on this 3rd day of November, 2020.

Dated: November 3, 2020         Respectfully submitted,

         */s/ Jason R. Elliott*
         Jason R. Elliott
         State Bar No. 24050558
         jelliott@perkinscoie.com
         Michael Alexander Pratt
         State Bar No. 24105953
         Alexanderpratt@perkinscoie.com

         PERKINS COIE LLP
         500 N. Akard, Suite 3300
         Dallas, TX 75201
         Telephone: (214) 965-7700
         Facsimile: (214) 965-7799

         **ATTORNEYS FOR DEFENDANT THE BOEING COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via first class U.S. Mail and the Court's CM/ECF system on November 3, 2020 as follows:

>Dennis L. Richard
>Dennislrichardlaw@gmail.com
>Law Office of Dennis L. Richard
>14255 Blanco Road
>San Antonio, TX 78216
>Telephone: (210) 308-6600
>Telecopier: (210) 308-6939

>*/s/ Jason R. Elliott*
>Jason R. Elliott