# EXHIBIT "1"

wjd

FILED
10/6/2020 2:56 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

CAUSE NO._____ **2020CI19372**

| | | |
|---|---|---|
| **LUCIANO DON,** | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **73rd**___ JUDICIAL DISTRICT |
| | § | |
| **THE BOEING COMPANY,** | § | |
| *Defendant.* | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** LUCIANO DON, hereinafter referred to as Plaintiff or "Don", complaining of and about The Boeing Company, hereinafter referred to as Defendant or "Boeing" and for cause of action files this his Plaintiff's Original Petition, showing to the Court as follows:

### I.
### PARTIES AND SERVICE

1.      Plaintiff, Don, is a citizen of the United States and the State of Texas and resides in Bexar County, Texas.

2.      Defendant, Boeing, is a Domestic for Profit-Corportation, doing business in the State of Texas.  This Defendant may be served with process by delivering a copy of Plaintiff's Original Petition to David L. Calhoun, President and CEO of Boeing, by certified mail return receipt requested at 100 N. Riverside Plaza, MC 5003-1001, Chicago, IL. 60606.

3.      This is a Level III case.

1

## II.
## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter and the parties to this case.  Boeing has conducted business in Bexar County, defamed the Plaintiff in Bexar County, engaged in racial discrimination in Bexar County and therefore venue properly lies in Bexar County.

## III.
## JURY DEMAND

5.      Plaintiff is requesting trial by jury and will tender the statutory jury fee.

## IV.
## AGENCY

6.      Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of or by Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

## V.
## FACTS

7.      On or about April 3, 2020, Luciano Don was falsely accused of dishonesty by allegedly falsely reporting time to the Employee Timekeeping System (ETS).  The resulting wrongful termination was a direct result of the defamation and Racial Discrimination against Don based upon his Hispanic and Native American ethnic origin. Boeing Supervisor, Scott Wallace, had a history of making racial slurs and directed the following comment about Plaintiff: "Doesn't that Spick know this is a good old white boys program".  Daniel DeLeon, a San Antonio Boeing Manager, can testify that Scott

Wallace made racial slurs against Hispanics. Mike Borgia, another San Antonio Manager, received an email authored by an outside investigator for Boeing that accused Don of falsifying time throughout 2019 but focused on the month of November 2019. Three different Boeing Supervisors signed off on the time submitted by Don from October 25, 2019 through November 28, 2019. There was no dishonesty and no time entered was a falsification of time actually worked. The allegations of the outside investigator hired by and doing the bidding of Boeing were false. Boeing Managers knew the allegations were false when they were made. Boeing Managers repeated the allegations of the outside investigator and adopted them as a pretext for the termination of Plaintiff. The conduct of the Boeing Managers is a violation of 42 U.S.C. 1981 and constitutes interference with Don's employment contract with Boeing based on Racial Discrimination and Retaliation for Opposing Racial Discrimination. The conduct of the above Boeing Managers confirms a scheme of Racial Discrimination and violations of 42 U.S.C. 1981.

8.      The outside investigator and Boeing Managers have issued defamatory statements about Don that are injurious to his office, profession and occupation amounting to Libel Per Se and Slander Per Se. The damage inflicted upon Plaintiff's reputation in the aerospace industry is presumed.

9.      The allegations made by the outside investigator and Boeing Managers, both in writing and verbally, were known by Defendant to be false or were made with reckless disregard as to whether they were true or false. Nevertheless, these statements were communicated and published by the outside investigator and Boeing Managers without privilege for doing so and Defendant, through the conduct of the outside investigator, knew and understood the allegations made about Plaintiff to have been made in an accusatory and defamatory context.

10.      When these defamatory statements were made and published by the outside investigator and Boeing Managers there was information available to the outside investigator and

the Boeing Managers that raised serious doubts about the truth of the statements being communicated and published, but the outside investigator and Boeing Managers made no effort to prevent the publishing of false statements about Plaintiff. The outside investigator and the Boeing Managers were not punished or censured for doing so. These false allegations were made intentionally, knowingly and with ill will, actual malice and reckless disregard for their truth or falsity, and without legal excuse or privilege. The allegations about Don tended to injure his reputation and expose him to public hatred, contempt, ridicule and financial injury, and to impeach his honesty, integrity, virtue and reputation. Again, the conduct of the outside investigator and the Boeing Managers was injurious to the office, profession and occupation of Luciano Don, amounting to Slander Per Se and Libel Per Se.

## VI.
## DAMAGES

11.    By reason of Defendant's acts and conduct, as herein alleged, Plaintiff has been damaged as follows:

a.)    Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under 42 U.S.C. 1981.

b.)    Economic damages in the form of lost back pay and lost fringe benefits in the past. Economic damages, in the form of lost wages and fringe benefits that will, in reasonable probability, be sustained in the future.

c.)    Damage to Plaintiff's reputation both in the past and within reasonable probability in the future as well.

d.)    Attorney's fees pursuant to applicable statutes.

e.)    Punitive damages for Defendant engaging in unlawful intentional defamation and engaging in discriminatory practices with reckless

indifference to the protected rights of an aggrieved individual, like Plaintiff, Luciano Don.  Said conduct also amounts to a conscious indifference to the rights and welfare of Don.  Plaintiff also seeks punitive damages under his claims for violation of Section 1981 of the Civil Rights Act of 1866.

12.    Pursuant to Rule 47 of the Texas Rules of civil Procedure, Plaintiff hereby seeks monetary relief over $200,000 but not more than $1,000,000.00, including costs, expenses, pre- and post-judgment interests, and attorney's fees.  Plaintiff further requests that the non-expedited rules apply in this case.

## VII.
## REQUEST FOR DISCLOSURE

13.    Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose within fifty (50) days of the service of this request the information or material described in Texas Rule of Civil Procedure 194.2.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial of this cause, Plaintiff has and recovers of and from the Defendant actual damages and punitive damages in a sum within the jurisdictional limits of this Court, pre-and post-judgment interest as allowed by law, attorney's fees, costs of Court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,


__/s/*Dennis L. Richard*____
Dennis L. Richard
SBN: 16842600
**LAW OFFICE OF DENNIS L. RICHARD**
14255 Blanco Road
San Antonio, TX 78216
Telephone: (210) 308-6600
Telecopier: (210) 308-6939
dennislrichardlaw@gmail.com

FILED
10/20/2020 1:34 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Brenda Carrillo



**Cause Number:** 2020CI19372

**District Court :** 73rd

# MARY ANGIE GARCIA
## Bexar County District Clerk

citpps

## __Request for Process__

Style: Luciano Don      **Vs.** The Boeing Company

Request the following process: **(Please check all that Apply)**

☑ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept with*out* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
**Name:** The Boeing Company
**Registered Agent/By Serving:** David L. Calhoun
**Address** 100 N. Riverside Plaza, MC 5003-1001, Chicago, IL, 60606
**Service Type:** (Check One) ☑ *Private Process* ☐ *Sheriff* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable Pct __*
*(Pct. 3 serves process countywide)*

**2.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable Pct __*
*(Pct. 3 serves process countywide)*

**3.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *CourthouseDoor*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable Pct___*
*(Pct. 3 serves process countywide)*

**4.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable Pct___*
*(Pct. 3 serves process countywide)*

**Title of Document/Pleading to be Attached to Process:** Plaintiff's Original Petition, Jury Demand, and Request for Disclosure

**Name of Attorney/Pro se:** Dennis L. Richard     **Bar Number:** 16842600
**Address:** 14255 Blanco Rd.     **Phone Number:** (210)308-6600
San Antonio, Texas 78216

**Attorney for Plaintiff** _____ **Defendant** _____ **Other** _____

***\*\*\*\*IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED\*\*\*\****

PRIVATE PROCESS

Case Number: 2020-CI-19372



2020CI19372 S00001

**LUCIANO DON**

**VS.**

**THE BOEING COMPANY**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   THE BOEING COMPANY
               BY SERVING DAVID L CALHOUN, PRESIDENT AND CEO OF BOEING

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE  was filed on the 6th day of October, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26TH DAY OF OCTOBER A.D., 2020.

DENNIS L RICHARD
ATTORNEY FOR PLAINTIFF
14255 BLANCO RD
SAN ANTONIO, TX 78216

10.26.2020   MACio V. Condova

Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Leticia Leija*, Deputy

| LUCIANO DON VS THE BOEING COMPANY | **Officer's Return** | Case Number: 2020-CI-19372 Court:  73rd Judicial District Court |
|---|---|---|

I received this CITATION on _____ at _____o'clock ___M and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____ in person on the _____ at _____ o'clock ___M. at:_____ or  (  )  not  executed  because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**

FILED
10/30/2020 10:37 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Krystal Torres

Case 5:20-cv-01294   Document 1-1   Filed 11/03/20   Page 10 of 21

CAUSE NO. 2020CI19372

| | | |
|---|---|---|
| LUCIANO DON, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 73rd JUDICIAL DISTRICT |
| | § | |
| THE BOEING COMPANY, | § | |
| | § | |
| **Defendant.** | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES

Defendant The Boeing Company ("Defendant") hereby files its Original Answer and Defenses to Plaintiff's Original Petition, Jury Demand, and Request for Disclosure (the "Petition") and respectfully shows the Court as follows:

### I.   GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every allegation, all and singular, in whole or in part, contained in the Petition and any amendments thereto and demands strict proof thereof by a preponderance of the evidence or by clear and convincing evidence, as required by law.

### II.   DEFENDANT'S AFFIRMATIVE AND SEPARATE DEFENSES

Without accepting the burden of proof on any element of any cause of action or defense upon which Plaintiff ordinarily would be required to curry such burden, Defendant asserts the following affirmative or separate defenses:

1.   The Petition fails to state a claim or cause of action against Defendant upon which relief can be granted.

2.   With respect to each alleged adverse action claimed to be employment discrimination or retaliation, these alleged adverse actions, if any occurred at all, were taken

DEFENDANT'S ORIGINAL ANSWER AND DEFENSES                                                                 Page 1
92315775.1

because legitimate, non-discriminatory, non-retaliatory reasons unconnected to Plaintiff's race, alleged participation in protected activity, or any other category or activity protected by law.

3.      Plaintiff's retaliation claims fail because Plaintiff did not engage in protected activity.

4.      Plaintiff's discrimination and retaliation claims are barred because any alleged adverse employment actions taken against Plaintiff would have been taken without regard to Plaintiff's race, alleged participation in protected activity, and/or any other protected category or activity.

5.      Plaintiff's discrimination claims are barred because Plaintiff cannot establish a causal connection between his race and any alleged materially adverse action affecting his employment.

6.      Plaintiff's retaliation claims are barred because there is no causal connection between any alleged protected activity and any alleged materially adverse action experienced by Plaintiff.

7.      Defendant, at all relevant times, acted in good faith and with reasonable grounds for believing that any actions taken with regard to Plaintiff were in compliance with all applicable state and federal anti-discrimination statutes.

8.      Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

9.      Plaintiff's claims are barred, in whole or part, because Plaintiff has failed to exhaust his administrative remedies and failed to satisfy all conditions precedent to filing suit.

10.     Plaintiff's claims are barred, in whole or part, because there is no recognized cause of action under 42 U.S.C. § 1981 for any form of discrimination other than race-based discrimination.

11.     Plaintiff's defamation claims are barred because Defendant is not vicariously liable for any alleged defamatory statements made by others.

12.     Plaintiff's defamation claims are barred because any alleged statements made by Boeing were true.

13.     Plaintiff's defamation claims are barred because Boeing has not made or published any false statement about Plaintiff to a third party.

14.     Plaintiff's defamation claims are barred because Boeing has no legal duty to prevent third parties from making or publishing false statements about Plaintiff.

15.     Plaintiff's defamation claims are barred because Plaintiff has not suffered any reputational or material harm.

16.     Plaintiff's defamation claims are barred because any alleged false statements were not made purposely, with actual knowledge of any falsity, or negligently.

17.     Plaintiff's defamation claims are barred because any alleged defamatory statements about Plaintiff were opinions and not statements of existing fact.

18.     Plaintiff's defamation claims are barred because Plaintiff is libel-proof.

19.     Plaintiff's defamation claims are barred because Plaintiff's own acts or omissions caused or contributed to his injuries.

20.     Plaintiff's defamation claims are barred because any alleged statements made by Defendant fall under the common-law qualified privilege.

21.     Plaintiff's failed to make a timely and sufficient request for a correction, clarification, or retraction from the defendant, as required by TEX. CIV. PRAC. & REM. CODE § 73.055; therefore, his claim for exemplary damages is barred by law.

22.     Plaintiff's alleged damages, if any, are too speculative to permit recovery. In the alternative, if Defendant is found to be liable and damages are awarded, all maximum statutory caps must be applied to Plaintiff's claims by the Court.

23.     Plaintiff's claim for damages is barred, in whole or part, because Plaintiff has failed to use reasonable diligence to mitigate his damages, if any.

24.     Plaintiff's claim for damages is barred, in whole or part, based on the doctrine of after-acquired evidence.

25.     Plaintiff's claims are barred, in whole or part, by the economic loss rule.

26.     In the alternative, if Defendant's conduct is found to violate any law, Defendant's actions were not willful, malicious, or taken with reckless disregard for Plaintiff's rights, making any recovery of punitive damages improper.

27.     In the alternative, Defendant exercised good faith in its efforts to comply with the applicable law, and thus, cannot be liable for damages based upon alleged discriminatory or retaliatory conduct or employment decisions of any managerial employee that were contrary to Defendant's good-faith efforts to comply with the law. Defendant asserts that any alleged discriminatory and retaliatory conduct by its agents were outside the scope of the agents' authority. Defendant specifically denies, however, that any such conduct or employment decisions occurred or caused damage to Plaintiff.

28.     Defendant affirmatively pleads that it has in place antidiscrimination and anti-retaliatory policies, which include procedures for making complaints and internal investigations

into such complaints to prevent and/or remedy any alleged discrimination, retaliation, or other unlawful conduct. Plaintiff unreasonably failed to take advantage of this procedure.

Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action.


Dated: October 30, 2020                                  Respectfully submitted,


                                                         _/s/ Jason R. Elliott_____
                                                         Jason R. Elliott
                                                         State Bar No. 24050558
                                                         JElliott@perkinscoie.com
                                                         Michael Alexander Pratt
                                                         State Bar No. 24105953
                                                         Alexanderpratt@perkinscoie.com

                                                         PERKINS COIE LLP
                                                         500 N. Akard, Suite 3300
                                                         Dallas, TX 75201
                                                         Telephone: (214) 965-7700
                                                         Facsimile: (214) 965-7799

                                                         **ATTORNEYS FOR DEFENDANT THE
                                                         BOEING COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record on October 30, 2020 via the Court's electronic service system, as follows:

Dennis L. Richard
Dennislrichardlaw@gmail.com
Law Office of Dennis L. Richard
14255 Blanco Road
San Antonio, TX 78216

_/s/ Jason R. Elliott_
Jason R. Elliott

```
Proceeding(s) for Cause Nbr 2020CI19372 displayed successfully
                ***** Bexar County Centralized Docket System *****
11/03/2020               - Proceeding Information -              11:12:38
JURY FEE PAID                 Case 2020CI19372
Selection: __  Case Nbr: 2020CI19372_____  Qualifier _____
  Style: LUCIANO DON vs THE BOEING COMPANY
  Court: 073     Docket Type: EMPLOYMENT-DISCRIMINATION     Status: PENDING
Actions:(A,M,P)     Unpaid Balance:     0.00  Account Number:
     Seq   Date Filed      Reel    Image    Page Cnt
  _  00001 10/06/2020
     DESC: PETITION
              WITH JURY DEMAND
  _  00002 10/06/2020
     DESC: JURY FEE PAID
  _  00003 10/20/2020
     DESC: REQUEST FOR SERVICE AND PROCESS
  _  00004 10/30/2020
     DESC: ORIGINAL ANSWER OF
              THE BOEING COMPANY
                    *** End of Data ***


Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
     help  retrn main  add  build top   bkwrd frwrd bot   SI    TI   quit
```

```
No records found for the current input
                ***** Bexar County Centralized Docket System *****
11/03/2020                - Orders Information -                    11:12:46
JURY FEE PAID                  Case 2020CI19372
Selection: __  Case Nbr: 2020CI19372____  Qualifier: _____
 Style: LUCIANO DON vs THE BOEING COMPANY
 Court: 073    Docket Type: EMPLOYMENT-DISCRIMINATION         Status: PENDING
Actions:(A,M,P)     Unpaid Balance:        0.00  Account Number:
    Seq   Date Filed Judge Name       Volume Page Page Cnt    Amount    SOF
                         *** End of Data ***




Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn main  add   build top  bkwrd frwrd bot   TI    BI   quit
```

```
                 ***** Bexar County Centralized Docket System *****
11/03/2020              - Services List By Cause Nbr -              11:12:53
_____ Case 2020CI19372 _____
Selection: __  Case Number: 2020CI19372_____
 Style: LUCIANO DON vs THE BOEING COMPANY
 Court: 073    Docket Type: EMPLOYMENT-DISCRIMINATION       Status: PENDING
                    Unpaid Balance:      0.00  Account Number:
Act
(S)  Seq  Service Type/Dates:          Dist  Litigant Name:
 __  00001 CITATION                      4  THE BOEING COMPANY
            Iss: 10/26/2020  Rec:         Exe:            Ret:
            PU BY MARIO CORDOVA 10/26/20
                         *** End of Data ***




 Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
       help  retrn main  add        top   bkwrd frwrd bot   AI    PI    quit
```

```
Litigant(s) for Cause Nbr 2020CI19372 displayed successfully
                 ***** Bexar County Centralized Docket System *****
11/03/2020             - Litigant Information -              11:13:05
JURY FEE PAID          Case 2020CI19372
Selection: __  Case Nbr: 2020CI19372____
Style: LUCIANO DON vs THE BOEING COMPANY
Court: 073      Docket Type: EMPLOYMENT-DISCRIMINATION      Status: PENDING
Actions: (A,D,M,P)    Unpaid Balance:      0.00 Account Number:
     Seq   Last /First /Middle Name          Lit. Type/Attorney      Date
 _   00001 DON LUCIANO                        PLAINTIFF           10/06/2020
                                             RICHARD, DENNIS L   210 308-6600
 _   00002 THE BOEING COMPANY                 DEFENDANT           10/06/2020
                                             ELLIIOTT, JASON ROBE 214 965-7700
                      *** End of Data ***



 Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
        help  retrn main  add  cont  top  bkwrd frwrd bot   DI    AI   quit
```

```
Attorney Seq Nbr 1 displayed successfully
                 ***** Bexar County Centralized Docket System *****
11/03/2020             - Attorney List By Cause Nbr -                11:13:10
_____ Case 2020CI19372 _____
Selection: __  Case Number: 2020CI19372____
 Style: LUCIANO DON VS THE BOEING COMPANY
 Court: 073    Docket Type: EMPLOYMENT-DISCRIMINATION        Status: PENDING
                  Unpaid Balance:       0.00  Account Number:
Actions:
 (S)   Seq  File Date  Bar Nbr  Name              Status  /  Date
  _   00001 10/06/2020 16842600 RICHARD, DENNIS L
  _   00002 10/30/2020 24050558 ELLIOTT, JASON ROBERT   SELECTED   11032020
                      *** End of Data ***





Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn main  add         top   bkwrd frwrd bot   LI    SI   quit
```

```
Setting(s) for Cause Nbr 2020CI19372 displayed successfully
              ***** Bexar County Centralized Docket System *****
11/03/2020                  - Trial Information -                    11:13:19
JURY FEE PAID                    Case 2020CI19372
Selection: __   Case Nbr: 2020CI19372____   Qualifier _____
  Style: LUCIANO DON vs THE BOEING COMPANY
  Court: 073      Docket Type: EMPLOYMENT-DISCRIMINATION        Status: PENDING
Actions:(A,M,P)       Unpaid Balance:        0.00  Account Number:
    Seq   Date Filed    Court    Sett. Date    Time    Atty. Initials
                         *** End of Data ***
```

```
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn main  add   build top   bkwrd frwrd bot    PI    OI   quit
```